UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSEPH PEREZ, | Case No. 2:23-cv-00215-CDS-EJY |
| Plaintiff, | **Order and**<br>**REPORT AND RECOMMENDATION**<br>**ECF No. 1** |
| v. | |
| INTERNAL REVENUE SERVICE, *et al.*, | |
| Defendants. | |

Pending before the Court is Plaintiff's *in forma pauperis* application and Civil Rights Complaint alleging the Internal Revenue Service (the "IRS") and six individual agents (the "Individual Agents") violated his Eighth and Fourteenth Amendment rights. ECF No. 1, 1-1. Plaintiff's application to proceed *in forma pauperis* is complete and granted below.

**I.  SCREENING THE COMPLAINT**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). However, pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In addition to the screening requirements under § 1915A, under the Prison Litigation Reform Act, a federal court must dismiss a prisoner's claim if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim upon which relief can be granted is established by Federal Rule of Civil Procedure 12(b)(6). The court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies unless

it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). In making this determination, the court treats all material factual allegations as true and construes these facts in the light most favorable to the non-moving party. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must plead more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Finally, all or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.   DISCUSSION

### A.   Background Facts.

Plaintiff brings claims against the IRS and Individual Agents Linda Aponte, Marjorie Gallagher, Pamela Weems-Baker, Deidre Moran, Sterling Hickerson, Jr., Melissa Franklin, and Unknown Agents. ECF No. 1-1 at 3-4. Plaintiff contends the IRS improperly deposited his three Economic Impact Payments (the "stimulus checks"), totaling $3,200, into another person's bank account. *Id.* at 3. Plaintiff says the Individual Agents knew Plaintiff had not received his stimulus checks because he sent communications to the IRS alerting the agency to this problem. *Id.* at 5. Attached to Plaintiff's Complaint are responses to Plaintiff's communications in which the IRS stated it needed additional time to respond to Plaintiff's concerns. *Id.* at 21, 23-25. Plaintiff claims he is receiving "atypical" treatment because he is an inmate. *Id.* at 5.

Plaintiff alleges the above facts demonstrate the Individual Agents violated his (1) Eighth Amendment rights through deliberate indifference, atypical treatment, negligence, and cruel and unusual punishment, and (2) Fourteenth Amendment rights based on excessive delay and violation

of IRS policies. *Id.* at 5-6. Plaintiff seeks compensatory and punitive damages of $3,200 from each Defendant, along with interest that has accrued over the past two years. *Id.* at 8.

### B. Plaintiff's Constitutional Claims Fail.

#### 1. Plaintiff's claims against the IRS and Individual Defendants in their official capacities are barred as a matter of law.

Plaintiff's claims against the IRS and Individual Agents in their official capacities fail because these claims are barred by sovereign immunity. More specifically, Plaintiff seeks monetary relief effectively from the United States as he sued the IRS, a federal agency, for money damages based solely on Defendants' performing their official duties. When it is clear "that any relief granted would expend itself on the public treasury or interfere with the public administration of the tax system … the action is really against the United States."[1] "[A] suit against IRS employees in their official capacity is essentially a suit against the United States … As such, absent express statutory consent to sue, dismissal is required.") (internal citations omitted).[2] For this reason, Plaintiff's claims against the IRS and the Individual Agents in their official capacities are barred as a matter of law and the Court recommends all such claims be dismissed with prejudice.

#### 2. Plaintiff's Individual Capacity Claims.

To the extent Plaintiff asserts claims against the Individual Agents in their individual capacities, these claims also fail. While individual capacity claims are not barred by sovereign immunity,[3] Plaintiff's deliberate indifference and cruel and unusual punishment claims arise under the Eighth Amendment, which applies only to punishments imposed after "a formal adjudication of guilt in accordance with due process of law."[4] The Eighth Amendment requires prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take

---

[1] *Richcreek v. Grecu*, 612 F.Supp. 111, 115 (S.D. Ind. 1985).
[2] *Chapin v. United States Internal Revenue Service*, 276 Fed.Appx. 638 (9th Cir. 2008), *citing Gilbert v. DaGrossa*, 756 F.2d 1455, 1457-58 (9th Cir.1985); *Cameron v. I.R.S.*, 593 F.Supp. 1540 (N.D. Ind. 1984); *Ross v. United States*, 574 F.Supp. 536 (S.D.N.Y. 1983); *Lawrence v. Acree*, 79 F.R.D. 669 (D.D.C. 1978).
[3] *Dawn v. Richmond*, 861 F.2d 268, 1988 WL 117424 (Table), at *3 (9th Cir. 1988); *United States v. Yakima Tribal Ct.*, 806 F.2d 853, 859 (9th Cir. 1986).
[4] *Huene v. United States*, Case No. 1:17-cv-00771-DAD-SKO, 2018 WL 888960, at *3 (E.D. Cal. Feb. 14, 2018), *citing In re Grand Jury Proceedings*, 33 F.3d 1060, 1062 (9th Cir. 1994).

reasonable measures to guarantee the safety of the inmates."[5]  Here, Plaintiff is not incarcerated and claims only that he was deprived of property (stimulus checks) by the Individual Agents.  None of these individuals are prison officials and there are no allegations regarding punishment Plaintiff supposedly suffered as a result of not receiving his checks from the IRS.  In sum, Plaintiff's Eighth Amendment claims against the Individual Agents fail as a matter of law and should be dismissed with prejudice.

Plaintiff next alleges the Individual Agents were negligent, there were excessive delays, and violations of IRS policy resulting in violation of the Due Process Clause of Fourteenth Amendment. ECF No. 1-1 at 6.  Plaintiff further alleges he was treated unfairly by the Individual Agents based on his status as an incarcerated person.  *Id.* at 4.  These claims fail under the Fourteenth Amendment because this Amendment does not apply to the federal government or its officers.[6]

If the Court construes Plaintiff's claims under the Fifth Amendment, Plaintiff must meet the requirements of *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  When no statutory redress exists, *Bivens* provides plaintiffs with a potential implied cause of action against federal officials acting in their individual capacities who violated a plaintiff's constitutional rights.[7]  However, no remedy under *Bivens* is available "if there is an alternative remedial structure present in a certain case" because a legislatively created remedy moots the necessity for the judicial branch to provide "a new and freestanding remedy in damages."[8]  Here, as discussed *infra*, 26 U.S.C. § 7422 provides remedial structure for Plaintiff to obtain relief under the circumstances alleged in his Complaint; thus, Plaintiff cannot proceed under the Fifth Amendment.

Because Plaintiff's claims against the Individual Agents under the Fourteenth and Fifth Amendments fail as a matter of law, the Court recommends these claims be dismissed with prejudice.

---

[5] *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal quotations and citations omitted); *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) ("[T]he Eighth Amendment prohibits punishments which ... involve the unnecessary and wanton infliction of pain, ... are grossly disproportionate to the severity of the crime," or are otherwise "totally without penological justification.") (citations and internal quotations omitted).

[6] *D.C. v. Carter*, 409 U.S. 418, 423-24 (1973); *Dry v. United States*, 235 F.3d 1249, 1255 (10th Cir. 2000) ("Both … [§ 1983 and the Fourteenth Amendment] are applicable only to actions by state and local entities, not by the federal government.").

[7] *Bivens*, 403 U.S. at 396-97.

[8] *Ziglar v. Abbasi*, 582 U.S. 120, 138 (2017) (internal citations omitted).

        C.       <u>The Court Recommends Dismissing Plaintiff's 26 U.S.C. § 7422(a) Claim Against the United States Without Prejudice</u>.

Plaintiff's Complaint does not expressly assert a cause of action under 26 U.S.C. § 7422; however, when liberally construed, the remedy Plaintiff seeks is recovery of tax refunds under the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), which implicates a cause of action under 26 U.S.C. § 7422.[9]

Through the CARES Act, Congress provided emergency financial assistance during the early days of the COVID-19 pandemic through the distribution of "Economic Impact Payments."[10] The CARES Act allowed for advance refunds on 2020 tax filings in the form of credits commonly referred to as "stimulus checks."[11] "[E]ach individual who was an eligible individual for such individual's first taxable year beginning in 2019 shall be treated as having made a payment against the tax imposed ... for such taxable year in an amount equal to the advance refund amount for such taxable year."[12] The advance refund amount is "the amount that would have been allowed as a credit under this section for such taxable year if this section ... had applied to such taxable year."[13] Incarcerated individuals are eligible for the refund provided by the CARES Act.[14]

Here, while Plaintiff is prohibited from seeking relief against individual IRS agents for the recovery of duly owed tax refunds,[15] Congress has waived the United States' sovereign immunity with respect to civil actions seeking refunds or credits on overpaid taxes.[16] To pursue such a claim, a plaintiff must first file his claim under 26 U.S.C. § 7422(a). This statute states: "No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected ... until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations

---

[9] *Ross v. Bolin*, Case No. 1:21-cv-01753-JLT-SAB, 2022 WL 992967, at *3 (E.D. Cal. Apr. 1, 2022).
[10] 26 U.S.C. § 6428(a); *Edmisten v. Internal Revenue Service*, Case No. 3:21-cv-00232-MMD-WGC, 2021 WL 5177460, at *3 (D. Nev. Aug. 19, 2021).
[11] 26 U.S.C. § 6428(f)(1).
[12] *Id.*
[13] 26 § 6428(f)(2).
[14] *Scholl v. Mnuchin*, 494 F.Supp.3d 661, 689 (N.D. Cal. 2020).
[15] 26 U.S.C. § 7422(f)(1); *Zinda v. Johnson*, 463 F.Supp.2d 45, 48 (D.D.C. 2006) ("suits for tax refunds or damages should be brought against the United States….").
[16] 28 U.S.C. § 1346(a)(1); *Imperial Plan, Inc. v. United States*, 95 F.3d 25, 26 (9th Cir. 1996).

of the Secretary established in pursuance thereof."[17] Specifically, and as applied here, a taxpayer must file a claim for a refund which the IRS must either reject or not act upon within six months of filing.[18]

Treasury Regulations state a refund claim "must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof … [and] [t]he statement of the grounds and facts must be verified by a written declaration that it is made under the penalties of perjury … [or it] will not be considered for any purpose as a claim for refund or credit."[19] In addition, certain refund claims must be made on the form identified by the IRS.[20] The IRS website requires a Taxpayer Statement Regarding Refund (Form 3911) must be completed "to trace the nonreceipt or loss of the already issued refund check."[21] Form 3911 instructs a taxpayer to complete a "separate Form 3911 for each refund for which … [Plaintiff is] requesting information."[22] "If the refund claim does not meet the requirements of the Code and the regulations, the suit must be dismissed … because filing pursuant to the rules is a jurisdictional prerequisite."[23]

---

[17] *Id.*; *see also United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 4 (2008) (prior to filing a suit in federal court, a taxpayer must first comply with the tax refund scheme established in § 7422 by filing an administrative claim with the IRS).

[18] 26 U.S.C. § 6532(a); *Thomas v. United States*, 755 F.2d 728, 729 (9th Cir. 1985); *Bolin*, 2022 WL 992967, at *3 ("[I]t appears the remedy Plaintiff seeks is recovery of certain tax refunds in the form of Economic Impact Payments under the CARES Act, which would implicate a cause of action pursuant to 26 U.S.C. § 7422."). Further, the consensus among courts having addressed complaints of missing or erroneously administered COVID stimulus checks is to apply § 7422 tax refund procedures to such claims. *Davis v. Internal Revenue Service*, Civil Action No. 21-CV-4728, 2022 WL 612718, at **4-5 (E.D. Pa. Mar. 1, 2022); *McElrath v. Internal Revenue Service*, C/A No. 6:23-272-BHH-KDW, 2023 WL 2226833, at *2 (D.S.C. Feb. 9, 2023); *Taylor v. Internal Revenue Service*, Civil No. 1:22-cv-00027-HSO-BWR, 2022 WL 4545121, at *3 (S.D. Miss. Sept. 28, 2022); *Epps v. United States*, Case No. 1:22-cv-609, 2022 WL 17250296, at *2 (S.D. Ohio Nov. 28, 2022); *Kline v. Rettig*, Case No. 3:21cv1002-LC-HTC, 2022 WL 4001142, at *3-4 (N.D. Fla. June 29, 2022).

[19] 26 C.F.R. § 301.6402-2(b).

[20] 26 C.F.R. § 301.6402-2(c); *see also* 26 C.F.R. § 301.6402-2(a)(2) ("[I]f a taxpayer is required to file a claim for credit or refund using a particular form, then the claim, together with appropriate supporting evidence, shall be filed in a manner consistent with such form, form instructions, publications, or other guidance found on the IRS.gov Web site.").

[21] IRS, https://www.irs.gov/forms-pubs/about-form-3911-taxpayer-statement-regarding-refund (last visited Mar. 27, 2023).

[22] IRS, https://www.irs.gov/pub/irs-pdf/f3911.pdf (last visited Mar. 27, 2023).

[23] *Boyd v. United States*, 762 F.2d 1369, 1371 (9th Cir. 1985) (internal citations omitted); *see also Sierra v. Internal Revenue Service*, Case No. 1:22-cv-01226-SAB, 2022 WL 17904544, at *3 (E.D. Cal. Dec. 23, 2022) (holding that prior to bringing claims against the United States for failing to disburse stimulus checks authorized by the CARES Act, a plaintiff must follow the procedures applicable to those seeking duly owed tax refunds).

Plaintiff contends he submitted certificates of identity, letters, affidavits, declarations, and a Form 3911 to the IRS in an attempt to collect his stimulus checks.[24] However, Plaintiff does not allege any facts or attach any documents showing a completed Form 3911. Plaintiff also does not indicate whether he verified by written declaration that his administrative claim was submitted under penalty of perjury. Plaintiff does not attach any documents to support his assertion that he submitted a compliant claim, or identify what evidence, if any, he submitted to the IRS along with his claim. Without evidence of Plaintiff's prior filing of an administrative claim against the United States, the Court cannot entertain Plaintiff's requested relief as a plaintiff cannot recover damages in a lawsuit for a tax refund when the facts were not previously stated in his administrative claim.[25]

While Plaintiff fails to allege sufficient facts or attach documents that evidence information necessary to commence a refund process under the procedures he must follow in order to obtain alleged unpaid CARES Act stimulus checks, Plaintiff may be able to amend his Complaint to allege such facts or include documents that demonstrate such facts. Thus, the Court recommends dismissal of this claim without prejudice and with leave to amend.

**III.  ORDER**

IT IS HEREBY ORDERED that Plaintiff's *in forma pauperis* application (ECF No. 1) is GRANTED.

**IV.  RECOMMENDATION**

IT IS HEREBY RECOMMENDED that Plaintiff's claims under the Fifth, Eighth, and Fourteenth Amendments asserted against the IRS be dismissed with prejudice as amendment is futile.

IT IS FURTHER RECOMMENDED that Plaintiff's claims under the Fifth, Eighth, and Fourteenth Amendments asserted against the Individual Agents in their official and individual capacities be dismissed with prejudice as amendment is futile.

---

[24] ECF No. 1-1 at 4.
[25] *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1091 (9th Cir. 2007); *Lewis v. Internal Revenue Service*, Case No. 1:21-cv-1653 JLT EPG, 2022 WL 1449149, at **2-3 (E.D. Cal. May 9, 2022) ("Because the facts alleged are insufficient to determine Plaintiff complied with the requirements of Sections 7422(a) and 6532(a), it appears the Court lacks jurisdiction over any claim for … [Economic Impact Payments under the CARES Act] in the form of a tax refund.").

IT IS FURTHER RECOMMENDED that Plaintiff's 26 U.S.C. § 7422 claim against the IRS be dismissed without prejudice and with leave to amend.

IT IS FURTHER RECOMMENDED that Plaintiff's 26 U.S.C. § 7422 claim against the Individual Agents be dismissed with prejudice as amendment is futile.

IT IS FURTHER RECOMMENDED that if Plaintiff chooses to do so, he be given **one** opportunity to file an amended complaint, which he **must** file no later than **May 1, 2023**. The amended complaint must be titled "FIRST AMENDED COMPLAINT" and must allege all facts and all claims Plaintiff seeks to assert. The Court cannot refer back to Plaintiff's original Complaint when determining if the amended complaint states a claim. Plaintiff must be mindful to demonstrate he has exhausted all administrative remedies in accordance with 26 U.S.C. § 7422.

IT IS FURTHER RECOMMENDED that Plaintiff's failure to timely comply with this Recommendation may result in a further recommendation to dismiss this action in its entirety.

DATED this 29th day of March, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).