UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Joseph Perez,<br><br>            Plaintiff<br><br>  v.<br><br>Internal Revenue Service, et al.,<br><br>            Defendants | Case No.: 2:23-cv-00215-CDS-EJY<br><br>**Order Adopting in Part Magistrate Judge's Report and Recommendation**<br><br>[ECF No. 5] |

United States Magistrate Judge Elayna J. Youchah issued a report and recommendation (R&R) following a review of pro se plaintiff Joseph Perez's application to proceed in forma pauperis (ECF No. 1) and complaint (ECF No. 1-1), alleging Eighth and Fourteenth Amendment violations against the defendants, the Internal Revenue Service and six of its agents. R&R, ECF No. 5. In the R&R, she grants Perez's IFP application but recommends dismissing part of the complaint with leave to amend his claims and dismissing other parts with prejudice. *See generally id.* Perez was advised that failure to abide by the terms of the R&R would result in the action being dismissed without prejudice in its entirety. *Id.* The deadline by which Perez was permitted to file an objection to the R&R was April 12, 2023. *Id.* at 8; LR IB 3-2. As of the date of this order, no objection has been filed. It appears that instead of filing an objection, Perez chose to file an amended complaint. ECF No. 6.

**Discussion**

"[N]o review is required of a magistrate judge's report and recommendation unless objections are filed." *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While *de novo* review is not required because the plaintiff does not object to the R&R, I nevertheless conduct one here. *See* 28 U.S.C. § 636(b)(1). A magistrate judge's order should only be set aside if

it is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014).

The R&R recommends that all of Perez's claims against the Individual Agents in their official and individual capacities be dismissed with prejudice. ECF No. 5 at 3–5. Although there is a mistake in the R&R as to whether Perez is incarcerated, ECF No. 5 at 4,[1] this does not impact the reasoning to dismiss the Eighth Amendment claims against the Individual Agents. "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012). Here, Perez has not satisfied either prong. He merely asserts he did not receive stimulus checks from the IRS. Moreover, the Individual Agents are not prison officials. Thus, Magistrate Judge Youchah properly concludes that Perez's claims are insufficient to establish a violation of the Eighth Amendment. The same is true for Perez's attempt to pursue claims under the Fourteenth Amendment. Perez cannot base a Fourteenth Amendment due-process claim on the assertion that IRS officials improperly ignored a grievance because the amendment applies explicitly to the states. *See Castillo v. McFadden*, 399 F.3d 993, 1002 n.5 (9th Cir. 2005) (holding that "[t]he Fifth Amendment prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several States.").

---

[1] Perez is currently incarcerated at High Desert State Prison and was so at the time he asserted the instant claims. FAC, ECF No. 6 at 1, 10.

The final recommendation is that Perez's 26 U.S.C. § 7422 claim against the IRS be dismissed without prejudice and with leave to amend. Perez was granted leave to file an amended complaint because the magistrate judge determined that he may be able to allege sufficient facts to establish he commenced the refund process under the procedures he must follow in order to obtain alleged unpaid CARES Act stimulus checks. Because Perez has not objected to the R&R, I adopt it in part, reject it in part only as to the mistake stating Perez is not incarcerated, and dismiss the initial complaint with leave to amend.

**Conclusion**

IT IS THEREFORE ORDERED that the Magistrate Judge's Report and Recommendation **[ECF No. 5] is ADOPTED** in part and rejected in part.

IT IS FURTHER ORDERED that plaintiff's claims under the Eighth and Fourteenth Amendments asserted against the Internal Revenue Service from the original complaint are DISMISSED with prejudice because these claims are barred by sovereign immunity.

IT IS FURTHER ORDERED that plaintiff's Eighth and Fourteenth Amendment claims against the Individual Agents in their official and individual capacities from the original complaint are DISMISSED with prejudice, as amendment is futile.

IT IS FURTHER ORDERED that plaintiff's 26 U.S.C. § 7422 claim against the Individual Agents from the original complaint is DISMISSED with prejudice, as amendment is futile.

IT IS FURTHER ORDERED that plaintiff's 26 U.S.C. § 7422 claim against the Internal Revenue Service from the original complaint is DISMISSED with leave to amend.

DATED: April 28, 2023

_____
Cristina D. Silva
United States District Judge