UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSEPH PEREZ, | Case No. 2:23-cv-00215-CDS-EJY |
| Plaintiff, | **REPORT AND RECOMMENDATION**<br>ECF No. 6 |
| v. | **Plaintiff's First Amended Complaint** |
| INTERNAL REVENUE SERVICE, *et al.*, | |
| Defendants. | |

This matter is before the Court for screening of Plaintiff's First Amended Complaint (the "FAC"). ECF No. 6. Plaintiff's *in forma pauperis* application was granted on March 29, 2023. ECF No. 5. The screening standard was stated in full in the Court's March 29, 2023 Order at ECF No. 5. It is not repeated here.

**I.    DISCUSSION**

   A.    Plaintiff's FAC.

Plaintiff brings claims against the Internal Revenue Service ("IRS") and Individual Agents Linda Aponte, Marjorie Gallagher, Pamela Weems-Baker, Deidre Moran, Sterling Hickerson, Jr., Melissa Franklin, and Unknown Agents. ECF No. 6 at 1-2. Plaintiff sues each of the Individual Agents in their individual capacities. *Id.* at 3. Plaintiff contends he was entitled to receive three Economic Impact Payments (the "Stimulus Checks") but has not received them. *Id.* at 3-4. Plaintiff says his first two Stimulus Checks were deposited into someone else's bank account against Plaintiff's wishes. *Id.* at 4. Plaintiff complains he has waited over two years for his tax issue to be resolved despite his numerous filings and correspondence with the IRS. *Id.* at 3-4. Plaintiff claims he is receiving "atypical" treatment because he is an inmate. *Id.* at 5. Attached to Plaintiff's FAC are a series of Plaintiff's letters to the IRS concerning his claims as well as correspondence from the IRS to Plaintiff informing him of the status of his requests. *Id.* at 18-28, 30-35; *see also* ECF No. 8 at 4.

Plaintiff alleges the above facts demonstrate violations of his (1) Eighth Amendment rights through deliberate indifference and causing hardship, and (2) Fourteenth Amendment rights based on the failure of the IRS and the Individual Agents to adhere to the policy of timely screening his tax forms. *Id.* at 5-6. Plaintiff seeks compensatory and punitive damages along with his Stimulus Checks and interest that has accrued over the past two years. *Id.* at 8.

      B.    <u>Plaintiff Fails to State a Cognizable Claim</u>.

           *1.*    *Plaintiff's Constitutional Claims Should be Dismissed with Prejudice.*

Although Plaintiff pleads a due process violation of the Fourteenth Amendment, he cannot state this claim against the IRS or its officers under the Fourteenth Amendment. *D.C. v. Carter*, 409 U.S. 418, 423-24 (1973); *Dry v. United States*, 235 F.3d 1249, 1255 (10th Cir. 2000) ("Both … [§ 1983 and the Fourteenth Amendment] are applicable only to actions by state and local entities, not by the federal government."). The Court therefore interprets Plaintiff's due process claim as arising under the Fifth Amendment.

To state a Fifth Amendment claim, Plaintiff must meet the requirements of *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).[1] However, no remedy under *Bivens* is available "if there is an alternative remedial structure present in a certain case" because a legislatively created remedy moots the necessity for the judicial branch to provide "a new and freestanding remedy in damages." *Ziglar v. Abbasi*, 582 U.S. 120, 138 (2017) (internal citations omitted). Plaintiff's claims arise under the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), which provides complete remedies under 26 U.S.C. § 7422. *Ross v. Bolin*, Case No. 1:21-cv-01753-JLT-SAB, 2022 WL 992967, at *3 (E.D. Cal. Apr. 1, 2022).[2] Given the

---

[1] *Bivens*, 403 U.S. at 396-97 (when no statutory redress exists, *Bivens* provides plaintiffs with a potential implied cause of action against federal officials acting in their individual capacities who violated a plaintiff's constitutional rights).

[2] Consensus among courts having addressed complaints of missing or erroneously administered COVID stimulus checks is to apply § 7422 tax refund procedures to such claims. *Davis v. Internal Revenue Service*, Civil Action No. 21-CV-4728, 2022 WL 612718, at **4-5 (E.D. Pa. Mar. 1, 2022); *McElrath v. Internal Revenue Service*, C/A No. 6:23-272-BHH-KDW, 2023 WL 2226833, at *2 (D.S.C. Feb. 9, 2023); *Taylor v. Internal Revenue Service*, Civil No. 1:22-cv-00027-HSO-BWR, 2022 WL 4545121, at *3 (S.D. Miss. Sept. 28, 2022); *Epps v. United States*, Case No. 1:22-cv-609, 2022 WL 17250296, at *2 (S.D. Ohio Nov. 28, 2022); *Kline v. Rettig*, Case No. 3:21cv1002-LC-HTC, 2022 WL 4001142, at *3-4 (N.D. Fla. June 29, 2022).

complete remedy available under the CARES Act, Plaintiff's claims under the Fifth Amendment are barred. *See F.D.I.C. v. Meyers*, 510 U.S. 471, 485-87 (1994).

Plaintiff's Eighth Amendment claim is factually barred and cannot be restated because the factual tenet of Plaintiff's claims—the failure to receive Stimulus Checks from the IRS—is counter to what he must plead to state such a claim. U.S. CONST. AMEND. VIII ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."); *United States v. Bajakajian*, 524 U.S. 321, 334 (1998) (in analyzing an excessive fines claim, the Court must first decide whether a penalty is a fine before determining if it is unconstitutionally excessive).

As previously explained by the Court, Plaintiff's claims under the Fifth, Fourteenth, and Eighth Amendment claims should be dismissed. The Court recommends dismissal with prejudice as Plaintiff's Fifth and Fourteenth Amendment claims are barred as a matter of law. Plaintiff cannot state an Eighth Amendment claim based on the facts alleged or that could be alleged regarding the CARES Act refunds.

> 2. *Plaintiff's 26 U.S.C. § 7422(a) Claims Should be Dismissed Without Prejudice with One Additional Opportunity to Amend.*

As explained above Plaintiff's claims seeking Stimulus Checks under the CARES Act must proceed under the rubric established by 26 U.S.C. § 7422.[3] While Plaintiff cannot proceed against the Individual Agents,[4] the CARES Act allows for advance refunds on 2020 tax filings in the form of Stimulus Checks. 26 U.S.C. § 6428(f)(1). The advance refund amount is "the amount that would have been allowed as a credit under this section for such taxable year if this section ... had applied to such taxable year."[5] Incarcerated individuals are eligible for the refund provided by the CARES Act.[6]

To pursue a claim in court, a plaintiff must first file his claim administratively in compliance with 26 U.S.C. § 7422(a).[7] Treasury Regulations state a refund claim "must set forth in detail each

---

[3] *Bolin*, 2022 WL 992967 at *3.
[4] 26 U.S.C. § 7422(f)(1).
[5] 26 U.S.C. § 6428(f)(2).
[6] *Scholl v. Mnuchin*, 494 F.Supp.3d 661, 689 (N.D. Cal. 2020).
[7] 26 U.S.C. § 7422(a) states: "No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected ... until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the

ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof … [and] [t]he statement of the grounds and facts must be verified by a written declaration that it is made under the penalties of perjury … [or it] will not be considered for any purpose as a claim for refund or credit."[8] In addition, certain refund claims must be made on the form identified by the IRS.[9] The IRS website requires a Taxpayer Statement Regarding Refund (Form 3911) to be completed "to trace the nonreceipt or loss of the already issued refund check."[10] Form 3911 instructs a taxpayer to complete a "separate Form 3911 for each refund for which … [Plaintiff is] requesting information."[11] "If the refund claim does not meet the requirements of the Code and the regulations, the suit must be dismissed … because filing pursuant to the rules is a jurisdictional prerequisite."[12]

Throughout his FAC Plaintiff makes references to filing a Form 3911. ECF No. 6 at 4, 5, 10, 11, 24, 26, 28, 33, 38. However, Plaintiff does not attach any documents demonstrating he completed Form 3911 despite his assertions. Plaintiff also does not indicate whether he verified by written declaration that his administrative claim was submitted under penalty of perjury.[13] Plaintiff does not identify what evidence he submitted to the IRS along with his claim. These are critical failures because a taxpayer cannot recover in a lawsuit "for refund on a different ground than that

---

Secretary established in pursuance thereof." *See also United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 4 (2008) (prior to filing a suit in federal court, a taxpayer must first comply with the tax refund scheme established in § 7422 by filing an administrative claim with the IRS). *See also Boyd v. United States*, 762 F.2d 1369, 1371 (9th Cir. 1985) (internal citations omitted); *see also Sierra v. Internal Revenue Service*, Case No. 1:22-cv-01226-SAB, 2022 WL 17904544, at *3 (E.D. Cal. Dec. 23, 2022) (holding that prior to bringing claims against the United States for failing to disburse stimulus checks authorized by the CARES Act, a plaintiff must follow the procedures applicable to those seeking duly owed tax refunds).

[8]   26 C.F.R. § 301.6402-2(b).
[9]   26 C.F.R. § 301.6402-2(c); *see also* 26 C.F.R. § 301.6402-2(a)(2) ("[I]f a taxpayer is required to file a claim for credit or refund using a particular form, then the claim, together with appropriate supporting evidence, shall be filed in a manner consistent with such form, form instructions, publications, or other guidance found on the IRS.gov Web site.").
[10]   IRS, https://www.irs.gov/forms-pubs/about-form-3911-taxpayer-statement-regarding-refund (last visited June 13, 2023).
[11]   IRS, https://www.irs.gov/pub/irs-pdf/f3911.pdf (last visited Mar. 27, 2023).
[12]   *Boyd*, 762 F.2d at 1371.
[13]   Plaintiff filed a document at ECF No. 8 stating under penalty of perjury that he communicated with the IRS for the last two years in an attempt to resolve his tax refunds issues to no avail. *Id.* at 2. While the Court appreciates Plaintiff's attempt to comply with the Court's initial Report and Recommendation (ECF No. 5 at 7), the written declaration must be the one submitted to the IRS. 26 C.F.R. § 301.6402-2(b). The letter from the IRS refers to a Form 1040, not Form 3911. ECF No. 8 at 4.

set forth in the claim for refund."[14] Without knowing what Plaintiff stated in his refund claim, the Court cannot conclude that he satisfied the basic purpose of 26 U.S.C. § 7422(a).[15]

All of the above was explained to Plaintiff in the Court's March 29, 2023 Order. ECF No. 5 at 6-7. The Court gave Plaintiff an opportunity to amend the Complaint to state a claim. *Id.* at 8. Plaintiff failed to comply with the directions provided by the Court. ECF No. 6. Nonetheless, on May 2, 2023, the IRS sent Plaintiff a letter indicating it needed more time to provide Plaintiff with a complete response to his December 2021 inquiry. ECF No. 8 at 4. The letter indicates the inquiry relates to a Form 1040. *Id*. Plaintiff *may*, albeit unknown to the Court, have provided the information to the IRS he has not given to the Court. If Plaintiff has done so, he *may* be able to proceed with his claim.

Given the totality of the information available, the Court recommends providing Plaintiff one opportunity to provide the following information in or attached to a Second Amended Complaint: (1) the detailed facts Plaintiff provided to the IRS on which he bases his claims; (2) a copy of the declaration Plaintiff submitted to the IRS in support of his § 7422 claim; (3) copies of any Form 3911s submitted to the IRS, with attachments; and, (4) all correspondence from the IRS **concerning Plaintiff's Form 3911** submission(s). To the extent Plaintiff does not have the documentation or information listed, he must explain why and provide as much information as possible so the Court may review his claim. **Plaintiff is not to reassert a Fifth, Eighth or Fourteenth Amendment claim. These claims are barred by law.**

## II.   RECOMMENDATION

IT IS HEREBY RECOMMENDED that Plaintiff's Fifth, Eighth, and Fourteenth Amendment claims asserted against the IRS and Individual Defendants be dismissed with prejudice.

IT IS FURTHER RECOMMENDED that Plaintiff's 26 U.S.C. § 7422 claim against the Individual Agents be dismissed with prejudice.

IT IS FURTHER RECOMMENDED that Plaintiff's 26 U.S.C. § 7422 claim against the IRS be dismissed without prejudice and with **one** additional opportunity amend.

---

[14] *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1091 (9th Cir. 2007) (emphasis and citation omitted).
[15] *Bolin*, 2022 WL 992967 at *5 *citing Lemoge v. United States*, 378 F. Supp. 228, 232 (N.D. Cal. 1974).

IT IS FURTHER RECOMMENDED that if Plaintiff chooses to do so, he must file his second amended complaint no later than **July 26, 2023**. The amended complaint must be titled "SECOND AMENDED COMPLAINT" and must **only** contain allegations relating to Plaintiff's claim under 26 U.S.C. § 7422. Plaintiff must demonstrate he has exhausted all administrative remedies in accordance with 26 U.S.C. § 7422. To aid the Court in evaluating the merits of any § 7422 claim Plaintiff may have, a second amended complaint, if filed, **must** include:

1. The detailed facts Plaintiff provided to the IRS on which he bases his claims;
2. A copy of the declaration Plaintiff provided to the IRS in support of his § 7422 claim;
3. Copies of any Form 3911s submitted to the IRS, with attachments; and,
4. All correspondence from the IRS **concerning Plaintiff's Form 3911** submission(s).

IT IS FURTHER RECOMMENDED that Plaintiff's failure to comply with this Recommendation **will** result in a recommendation to dismiss this action in its entirety.

DATED this 16th day of June, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).