UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Joseph Perez,

          Plaintiff

v.

Internal Revenue Service, et al.,

          Defendants

Case No.: 2:23-cv-00215-CDS-EJY

**Order Overruling Plaintiff's Objection and Adopting the Magistrate Judge's Report and Recommendation**

[ECF Nos. 9, 10]

      Pro se plaintiff Joseph Perez brings this suit against the Internal Revenue Service (IRS) and some of its agents seeking compensatory and punitive damages for the "atypical" treatment he allegedly received related to the economic impact stimulus checks issued in the wake of the coronavirus. He argues that he was entitled to receive them but the IRS did not issue them to him. I previously adopted a report and recommendation (R&R) of United States Magistrate Judge Elayna J. Youchah wherein she recommended that Perez have up until May 1, 2023, to file an amended complaint setting forth a 26 U.S.C. § 7422 claim against the IRS. *See generally* Order, ECF No. 7. Perez chose to file an amended complaint on April 25, 2023. Am. Compl., ECF No. 6. Judge Youchah screened Perez's first amended complaint and issued the instant R&R recommending that parts of Perez's amended complaint be dismissed with leave to amend his claim, and others be dismissed with prejudice. R&R, ECF No. 9. Perez filed a timely objection to the R&R. Obj., ECF No. 10. For the reasons explained below, I overrule Perez's objection and adopt Magistrate Judge Youchah's R&R.

**I.    Legal standard**

      A party who files timely, written objections to a magistrate judge's report and recommendation is entitled to a de novo determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)–(3). A

magistrate judge's order should only be set aside if it is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014).

## II.    The report and recommendation

The magistrate judge recommends that all of Perez's claims under the Fourteenth, Fifth, and Eighth Amendments be dismissed with prejudice. Perez cannot assert a Fourteenth Amendment due process claim because the amendment applies explicitly to the states. *See Castillo v. McFadden*, 399 F.3d 993, 1002 n.5 (9th Cir. 2005) (holding that "[t]he Fifth Amendment prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several States"). Liberally construing Perez's claim, Judge Youchah interprets his due process claim under the Fifth Amendment. And Fifth Amendment due process protection attaches only in situations wherein a plaintiff has no effective means other than the judiciary to satisfy their grievances. *See Davis v. Passman*, 442 U.S. 228, 244 (1979). But because Perez has effective means other than the judiciary to satisfy his grievance with the IRS—namely, the administrative appeals process internal to the IRS—a claim under the Fifth Amendment also fails. Finally, to establish a violation under the Eighth Amendment, a plaintiff must meet two requirements: 1) the deprivation alleged must be, objectively, "sufficiently serious" and 2) the prison official must have a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *see also Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014). Again, Perez has not satisfied either prong. IRS agents are not prison officials and not receiving economic impact stimulus money does not equate to substantial risk of serious harm. Thus, Magistrate Judge Youchah properly concludes

that Perez's claims are insufficient to establish a violation of the Eighth Amendment.

Her final recommendation is that Perez be granted leave to file a second amended complaint that complies with the instructions provided in Judge Youchah's prior report and recommendation and reiterated in this R&R. If Perez does so, he might successfully demonstrate a 26 U.S.C. § 7422 claim against the IRS.

### III.    Perez's objection

As Perez is proceeding pro se, his pleadings are held to less stringent standards than formal pleadings drafted by lawyers, and I liberally construe documents filed by pro se litigants to afford them the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Notwithstanding the lesser pleading standard afforded to pro se parties, Perez's objection fails to specifically object to any portion of the report and recommendation. Rather Perez simply re-alleges the same facts found in his complaint. *See generally* ECF No. 10. A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge, and thus has the same effect as a failure to object. 28 U.S.C. § 636(b)(1); *see also United States v. Brooks*, 2022 WL 1184368 (W.D.N.C. Apr. 21, 2022). Objections to a magistrate's report and recommendation that simply summarize what has been presented before are not objections as that term is used in this context. *Id.* Perez has raised no argument to suggest any mistake or legal error in the analysis performed in the R&R. Because Perez fails to identify any relevant statute, case law, or rules of procedure that Judge Youchah misapplied, I overrule Perez's objection. Thus, after conducting a de novo review of Magistrate Judge Youchah's report, and concluding that Perez's objection is without merit, I adopt the report and recommendation in its entirety.

### IV.    Conclusion

IT IS THEREFORE ORDERED that plaintiff's objection to the Report and Recommendation [ECF No. 10] is OVERRULED.

IT IS FURTHR ORDERED that the Magistrate Judge's Report and Recommendation [ECF No. 9] is ADOPTED in its entirety.

IT IS FURTHER ORDERED that plaintiff's claims under the Fourteenth, Fifth, and Eighth Amendments asserted against the Internal Revenue Service and individual agents from the first amended complaint are DISMISSED with prejudice because amendment would be futile.

IT IS FURTHER ORDERED that plaintiff's 26 U.S.C. § 7422 claim against the Individual Agents from the first amended complaint is DISMISSED with prejudice.

IT IS FURTHER ORDERED that plaintiff's 26 U.S.C. § 7422 claim against the Internal Revenue Service from the first amended complaint is DISMISSED with leave to amend. If Perez chooses to file a second amended complaint that complies with the instructions in the R&R, he must do so no later than July 26, 2023. **The amended complaint must be titled "SECOND AMENDED COMPLAINT" and must only contain allegations relating to claim under 26 U.S.C. § 7422. Plaintiff is not to reassert a Fifth, Eighth or Fourteenth Amendment claim.** These claims are barred by law.

DATED: June 29, 2023

_____
Cristina D. Silva
United States District Judge