UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Joseph Perez,

        Plaintiff

v.

Internal Revenue Service, et al.,

        Defendants

Case No. 2:23-cv-00215-CDS-EJY

**Order Adopting Magistrate Judge's Report & Recommendation and Closing Case**

[ECF No. 13]

      Pro se plaintiff Jospeh Perez initiated this action by filing an application to proceed in forma pauperis (IFP) alongside his complaint. ECF Nos. 1, 1-1. After screening the complaint, United States Magistrate Judge Elayna Youchah granted Perez's IFP application but dismissed his claims with leave to amend. R&R, ECF No. 5. Perez filed his first amended complaint in compliance with the court's order. ECF No. 6. The complaint was again reviewed by Judge Youchah who recommended Perez be granted leave to file a second amended complaint because she determined that he may be able to allege sufficient facts to establish a claim against the IRS. R&R, ECF No. 9.

      Perez was given until July 26, 2023, to file his second amended complaint. Order, ECF No. 11. The deadline passed without Perez filing a second amended complaint. Judge Youchah then ordered Perez to show cause why this matter should not be dismissed for failure to file a second amended complaint. Order, ECF No. 12. Perez was advised that failure to comply with the order would result in a recommendation that the action be dismissed. *Id.* After the deadline passed and Perez had not complied, Judge Youchah issued an R&R recommending that this case be dismissed without prejudice. R&R, ECF No. 13. Perez did not object to the R&R before the deadline. *See* 28 U.S.C. § 636(b)(1); LR IA 3-1(a) (stating that parties wishing to object to the R&R must file objections within fourteen days). Although I am not required to review Judge

Youchah's R&R,[1] I nonetheless conduct a de novo review and agree with her findings. While dismissal is a drastic sanction, I find that it is appropriate here.

I.  Discussion

"Dismissal is a harsh penalty and is to be imposed only in extreme circumstances." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). However, a court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on this ground, the court must balance five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson, v. Hous. Auth. Of City of Los Angeles*, 782 F.2d 829, 832 (9th Cir 1986).

The first two dismissal factors, the public's interest in expeditious resolution of litigation and the court's need to manage its docket favor dismissal for the same reasons. The court has an interest in moving the litigation forward, but Perez's noncompliance greatly impedes its resolution and results in congestion of the court's docket. This case cannot proceed without an operative pleading, and Perez has failed or refused to interact with the court for almost six months now. This is not an efficient use of judicial resources; the court continues to effectively controlling its docket yet Perez refuses to take action. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (finding that plaintiff's failure to pursue the case for almost four months weighed in favor of dismissal).

---

[1] "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed." *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 149–150 (1985).

The third factor, risk of prejudice to defendants, also weighs in favor of dismissal. "[T]he risk of prejudice to the defendant is related to the plaintiff's reason for defaulting in failing to timely amend." *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999). "Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default." *Malone*, 833 F.2d at 131. Here, as noted above, there is no operative complaint to be served to defendants. Perez has not explained his failure to prosecute his claims and continues to disregard Judge Youchah's order to show cause. Given the length of this almost six-month delay and the absence of explanation for it, Perez's delay in prosecuting is unreasonable and creates a prejudice. *In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994) ("[T]he failure to prosecute diligently is sufficient by itself to justify dismissal . . . [t]he law presumes injury from unreasonable delay.") (quoting *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976)).

The fourth factor weighs against dismissal because public policy favors disposition of cases on their merits. *Pagtalunan*, 291 F.3d at 643. But its weight is significantly diminished by the fact that Perez's failure to comply with court orders impedes this case from moving toward disposition on the merits. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) ("Although there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics."); *see also Moralez v. City of Fresno*, 2006 WL 2085036, at *2 (E.D. Cal. July 25, 2006) ("Public policy favoring disposition of cases on their merits also has little or no weight in actions where plaintiffs lack enough of an interest to file an amended complaint. The public and the court have no interest in determining the truth or falsity of the allegations that [p]laintiffs might raise in an amended complaint if [p]laintiffs never file an amended complaint.").

While the fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that effectuated the court's need to consider dismissal, courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but

3

must explore possible and meaningful alternatives." *Henderson*, 779 F.2d at 1424. Here, the court considered and implemented less drastic alternatives prior to this order. Perez was repeatedly warned that dismissal would follow his failure to timely comply with orders. *See* ECF Nos. 5, 9, and 12. But, aware of the consequences, he nonetheless failed to comply. And given Perez's IFP application, it appears that imposing a monetary sanction is of little use. I could enter another order setting another deadline for Perez to file his second amended complaint—but giving Perez an additional 30 days will only delay the inevitable and further squander the court's finite resources as it appears Perez lost interest in his own lawsuit. In considering other meaningful alternatives, I am stopping short of using the harshest possible sanction of dismissal with prejudice and instead dismiss without prejudice. In sum, the five-factor analysis supports dismissal because Perez has abandoned his claims. I am left with no choice but to dismiss this action.

II. Conclusion

IT IS THEREFORE ORDERED that Magistrate Judge Youchah's report and recommendation **[ECF No. 13] is ADOPTED** in its entirety.

IT IS FURTHER ORDERED that this action is DISMISSED without prejudice based on the defendant's failure to comply with the court's orders.

The Clerk of Court is kindly directed to enter judgment accordingly and close this case.

DATED: December 13, 2023

_____
Cristina D. Silva
United States District Judge